## S06Y1855. IN THE MATTER OF PHILLIP ANDREW STRICKLAND.
### (635 SE2d 739)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of a Special Master who considered five separate

disciplinary matters filed against Respondent Phillip Andrew Strickland and who recommends that Strickland be disbarred for his multiple violations of Rules 1.3, 1.4, 1.16, 3.2 and 9.3 of the Rules of Professional Conduct, see Bar Rule 4-102 (d). We agree.

The record reflects that Strickland, who has been a member of the Bar since 1998 but who is currently under an interim suspension based on his failure to respond to a Notice of Investigation issued with regard to one of the underlying disciplinary matters, acknowledged service of all five Formal Complaints but failed to file an answer to any of them. Therefore, the State Bar moved for and was granted a default judgment in each matter, such that the allegations of each Formal Complaint were deemed admitted. Although each of the cases involve slightly different facts, they all involve Strickland accepting monetary payments from clients; agreeing to perform certain work on behalf of those clients; failing or refusing to actually perform that work; failing to advise the clients of the status of their cases; failing to respond to the clients' efforts to contact him; and failing to refund unearned fees. And also, in most cases, failing to return complete files to the clients upon termination and failing to respond to the State Bar's Notice of Investigation.

Considering the entire record, we agree with the special master that Strickland violated Rules 1.3, 1.4, 1.16, 3.2 and 9.3 of Bar Rule 4-102 (d). In considering the appropriate level of discipline, we note that Strickland's conduct in these five matters shows a pattern and practice of neglect that was potentially harmful to his clients' legal matters and that it appears that Strickland converted his clients' funds to his personal use by failing to account for funds entrusted to him and by failing to return unearned fees to his clients. Therefore, we accept the recommendation of the special master that disbarment is the appropriate sanction in this case and order that the name of Phillip Andrew Strickland be removed from the rolls of persons entitled to practice law in the State of Georgia. Strickland is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*William P. Smith III, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar,* for State Bar of Georgia.